**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LIZZIE EARLINE GREEN,
Plaintiff-Appellant,

v.                                                                No. 98-1556

JOHN CHATILLON & SONS,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CA-96-317-6)

Submitted: September 29, 1998

Decided: October 19, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Warren Sparrow, Winston-Salem, North Carolina, for Appellant.
David C. Smith, Linda L. Helms, ALLMAN, SPRY, LEGGETT &
CRUMPLER, P.A., Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In April of 1996, Lizzie Earline Green ("Green") filed a lawsuit against John Chatillon & Sons ("Chatillon") asserting claims under the Americans with Disabilities Act, the North Carolina Handicapped Persons Protections Act, and a claim for intentional infliction of emotional distress. Green sought recovery because she was allegedly the subject of harassing conduct by her supervisor which she contends was related to her physical and mental disabilities.

In March of 1998, after finding that Green had neglected to respond to discovery requests for over eight months despite assurances that the information would be provided, the district court granted Chatillon's motion for sanctions and dismissed Green's case for failure to comply with a court order regarding discovery under Fed. R. Civ. P. 37(b). Green appeals, and we affirm.

Chatillon served Green with its first discovery request, Interrogatories and a Request for Production of Documents, on June 26, 1997. Green did not respond to this discovery request within the thirty-day deadline, nor did she request an extension. After numerous attempts to obtain the requested information, Chatillon's counsel filed a motion to compel on October 24, 1997. Green filed no response to Chatillon's motion to compel. On December 10, 1997, a magistrate judge ordered that Green respond to each of the Defendant's discovery requests within twenty days from entry of its order. The magistrate judge's order also reserved the imposition of sanctions and warned Green that should she fail to obey the order, the court could and would likely impose sanctions against her, including granting a default judgment against her. Green did not provide any discovery responses by December 30, 1997, nor did she request an extension.

On January 9, 1998, after Chatillon's counsel still had not received any discovery responses from Green, Chatillon moved for sanctions under Fed. R. Civ. P. 37(b)(2). Green filed no response to Chatillon's motion for sanctions and never provided responses to Chatillon's requests for discovery. The district court subsequently granted Chatillon's motions for sanctions and ordered that Green's case be dis-

2

missed with prejudice. On appeal, Green challenges the propriety of the dismissal.

The district court may impose sanctions, including dismissal of the action, if a party fails to comply with a court order regarding discovery. See Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir. 1977). Dismissal of a complaint is an extreme sanction, reserved for flagrant cases of bad faith and callous disregard for the court's authority. See Hillig v. Comm'r, 916 F.2d 171, 174-75 (4th Cir. 1990) (vacating dismissal of petition); see also Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (affirming default judgment). We review such a decision only for abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).

To determine whether a dismissal was proper, we examine the following factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions." Hillig, 916 F.2d at 174 (citing Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 92).

Although Green repeatedly assured Chatillon's counsel that she would provide discovery responses, she never fulfilled these promises. Further, Green never requested more time or offered an explanation for her failure to comply with these discovery requests. Finally, when ordered by the magistrate to respond to Chatillon's Interrogatories and Requests for Production of Documents within twenty-days, Green failed to comply. This conduct constitutes bad faith. See Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93.

Despite Green's contention that Chatillon was not prejudiced by her failure to provide discovery responses because she submitted to a deposition and an examination by Chatillon's expert witness, the information sought is clearly material to the defense of the action. Chatillon sought information such as medical records, documents related to any alleged misconduct of her supervisor, a list of healthcare providers that provided her with treatment for any alleged mental or physical disability, the type of healthcare treatment she received, a list of witnesses, and a list of expert witnesses.

3

Further, deterrence of the type of conduct engaged in by Green and counsel was plainly warranted. Their failure to respond to Chatillon's eighteen straightforward interrogatories and requests for production of documents, despite numerous opportunities to do so and in the face of an explicit order entered by a magistrate judge, demonstrates flagrant bad faith and callous disregard by Green and her counsel of their obligations, and thus, warranted dismissal as a deterrent to others. See National Hockey League, 427 U.S. at 643.

Moreover, it is clear that less drastic alternatives were not available. First, since Green had recently filed for bankruptcy, the district court's view that she was unlikely to be able to pay a monetary sanction finds ample support in the record. Second, application of any of the less drastic sanctions under Fed. R. Civ. P. 37(b), would likely have had the same effect as a dismissal. Finally, the magistrate judge's previous warning that her failure to comply could result in a dismissal had no apparent effect. Green failed to follow the magistrate judge's order and never responded to Chatillon's motion for sanctions. Under these circumstances, the district court in its discretion, found that dismissal was appropriate. We find no abuse of discretion in that determination.

Accordingly, we affirm the dismissal of the case. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4